0317-20353 1327955

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DANIEL NAQUIN** | **CIVIL ACTION NO: 2:18-CV-01343** |
| **VERSUS** | **SECTION "L"** |
| **MAGNOLIA FLEET, LLC** | **DISTRICT JUDGE**<br>**HON. ELDON E. FALLON** |
| | **MAGISTRATE JUDGE**<br>**HON. DANIEL E. KNOWLES, III** |

**MAGNOLIA FLEET, LLC'S ANSWER TO**
**PLAINTIFF'S ORIGINAL COMPLAINT AND FIRST AMENDED COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes defendant, Magnolia Fleet, LLC ("defendant"), and responds to the Original Complaint and First Amended Complaint filed by plaintiff, Daniel Naquin ("plaintiff"), as follows:

**FIRST DEFENSE**

The Original Complaint and First Amended Complaint fail to state a claim against defendant upon which relief can be granted.

**SECOND DEFENSE**

The Original Complaint and First Amended Complaint are barred by the applicable period of prescription or statute of limitations, or laches.

**THIRD DEFENSE**

Defendant pleads that there has been insufficient process or insufficient service of process.

**FOURTH DEFENSE**

And now, without waiving any of the foregoing defenses, defendant responds to the allegations of plaintiff's Original Complaint and First Amended Complaint categorically and by paragraph as follows:

1.

The allegations of Paragraph 1.1 of plaintiff's Original Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

2.

It is admitted that Magnolia Fleet, LLC is a Louisiana limited liability company. It is further admitted that Matthew J. Fantaci is the registered agent for service of process of Magnolia Fleet, LLC. Except as expressly admitted, the allegations of Paragraph 1.2 of plaintiff's Original Complaint and First Amended Complaint are denied.

3.

The allegations contained in Paragraph 2.1 of plaintiff's Original Complaint and First Amended Complaint contain conclusions of law and require no response. To the extent a response is deemed necessary, the allegations are denied.

4.

The allegations contained in Paragraph 3.1 of plaintiff's Original Complaint and First Amended Complaint contain conclusions of law and require no response. To the extent a response is deemed necessary, the allegations are denied.

5.

It is admitted that on or about December 5, 2016, Magnolia Fleet, LLC was the operator of the M/V TEXAS. Except as expressly admitted, the allegations of Paragraph 4.1 of plaintiff's Original Complaint and First Amended Complaint are denied.

6.

It is admitted that on or about December 5, 2016, plaintiff was employed by Magnolia Fleet, LLC. Except as expressly admitted, the allegations of Paragraph 4.2 of plaintiff's Original Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 4.3 of plaintiff's Original Complaint and First Amended Complaint, including subparts (a) through (c), are denied.

8.

The allegations contained in Paragraph 5.1 of plaintiff's Original Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 6.1 of plaintiff's Original Complaint and First Amended Complaint are denied.

10.

The allegations contained in Paragraph 7.1 of plaintiff's Original Complaint and First Amended Complaint are denied.

11.

The allegations contained in Paragraph 8.1 of plaintiff's Original Complaint and First Amended Complaint, including subparts (a) through (l), are denied for lack of sufficient information to justify a belief therein.

**FIFTH DEFENSE**

Defendant denies the allegations of any unnumbered and/or misnumbered paragraphs, any allegations contained in the prayer for relief, and any allegations contained in the Original Complaint and First Amended Complaint which have not heretofore been specifically addressed.

**SIXTH DEFENSE**

Defendant specifically denies that the plaintiff was injured as alleged. Alternatively, defendant pleads the contributory negligence of the plaintiff in mitigation of any recovery. More specifically, if the plaintiff sustained any illness or injury, which is denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of the plaintiff in the following particulars, but not limited to:

1. Failure to exercise reasonable and ordinary care under the circumstances;
2. Failure to take proper precautions to avoid the alleged accident;
3. Failure to use safety measures available to prevent the alleged accident; and
4. Any and all other acts of negligence, fault, and/or assumption of the risks which shall be proved at trial.

**SEVENTH DEFENSE**

Defendant specifically alleges that plaintiff, Daniel Naquin, is not a Jones Act seaman as that term is defined under the Jones Act and the laws of the United States of America.

**EIGHTH DEFENSE**

Defendant avers that the plaintiff was not in the course and scope of employment or in the service of a vessel at the time of the events complained of and therefore plaintiff can have and make no recovery herein.

**NINTH DEFENSE**

Plaintiff's injuries, if any, resulted from a condition which was open and obvious to plaintiff.

**TENTH DEFENSE**

Further answering the Original Complaint and First Amended Complaint, in the alternative, as a separate and distinct defense, defendant avers that if this Court should find that plaintiff sustained any injury or injuries, all of which is denied, and should find that the accident complained of herein was caused or contributed to by the negligence of defendant, which is also denied, the same was also caused or contributed to by the negligence and lack of due care of the part of plaintiff, and defendant specifically pleads such contributory negligence as a bar to this action, or alternatively, in mitigation of the amount of damages legally recoverable.

**ELEVENTH DEFENSE**

Defendant further avers that if plaintiff sustained any injuries, which is denied, said injuries were caused or brought about by the ordinary normal risks incident to his occupation which were voluntarily assumed by plaintiff and for which defendant herein is in no way responsible.

**TWELFTH DEFENSE**

Defendant alleges and avers that any injuries and/or damages allegedly sustained by plaintiff as alleged in his Original Complaint and First Amended Complaint were caused by the negligence and/or fault of other persons and/or entities for whom this defendant herein is in no

way responsible.

**THIRTEENTH DEFENSE**

Defendant specifically denies that it owes plaintiff maintenance and cure.

**FOURTEENTH DEFENSE**

In the further alternative, defendant alleges and avers that plaintiff has failed to mitigate his alleged damages and recovery herein is mitigated or defeated.

**FIFTEENTH DEFENSE**

While denying any liability to plaintiff whatsoever, defendant further avers that the injuries alleged by the plaintiff were caused in whole or in part by the fault, acts, negligence, or omissions of a third-party or parties over whom defendant exercises no control or supervision and for whom defendant has no responsibility or liability, such parties being solely and/or concurrently at fault or negligent, and in the event that it is determined that the plaintiff is entitled to recover from defendant, which is denied, the plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third-parties.

**SIXTEENTH DEFENSE**

Defendant avers that any damages allegedly sustained by the plaintiff were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which defendant or any other person, party, or entity for which defendant would be responsible, were not responsible.

**SEVENTEENTH DEFENSE**

In the alternative, subject to and without waiving the foregoing, defendant specifically contends that defendant had no duty to provide plaintiff with a seaworthy vessel, and/or that such vessel was seaworthy in all manners and/or that defendant provided plaintiff with a seaworthy

vessel.

**EIGHTEENTH DEFENSE**

Defendant would show that if plaintiff were injured, which is specifically denied, such injury was caused by equipment and/or in an area over which defendant had no control or authority.

**NINETEENTH DEFENSE**

While denying any liability to plaintiff whatsoever, in the alternative, defendant avers that the incident made the basis of this lawsuit and the damages allegedly sustained by the plaintiff were neither caused by nor contributed to by the defendant, but rather resulted from a fortuitous event as that term is defined by law.

**TWENTIETH DEFENSE**

Defendant avers that plaintiff is not qualified for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

**TWENTY-FIRST DEFENSE**

Defendant has fulfilled any and all duties it owes to the plaintiff.

**TWENTY-SECOND DEFENSE**

Plaintiff's damages, if any, arose as the result of a pre-existing and/or subsequently developing physical and/or mental condition which was neither caused nor aggravated by any act or omission of defendant, thus barring or mitigating any recovery by plaintiff herein

**TWENTY-THIRD DEFENSE**

Defendant avers that plaintiff's pre-existing and known medical condition was willfully concealed from defendant, and, as such, defendant does not owe plaintiff or any other party any sums to compensate plaintiff for his medical expenses.

**TWENTY-FOURTH DEFENSE**

Plaintiff's alleged injuries, which are specifically denied, were in no way caused by any negligence on the part of defendant or its employees, agents, contractors, subcontractors, hired hands, or temporary laborers. Rather, to the extent that plaintiff suffered any injuries, such injuries were caused solely by normal work for which defendant is in no way responsible.

**TWENTY-FIFTH DEFENSE**

Defendant alleges that the plaintiff has reached maximum medical improvement, terminating his right to maintenance and cure payments and that any further or additional proposed cure is palliative as opposed to curative and therefore, defendant has no obligation relative to plaintiff's maintenance and cure demand.

**TWENTY-SIXTH DEFENSE**

Defendant is entitled to a set off for any and all maintenance and cure, advances on settlement, wages and any and all other allowances paid to plaintiff.

**TWENTY-SEVENTH DEFENSE**

Defendant denies that it or anyone for whom it may be responsible is liable for any negligence, unseaworthiness, strict liability, want of due care, or other legal fault constituting a proximate cause of the alleged incident.

**TWENTY-EIGHTH DEFENSE**

The negligence or other fault of plaintiff was a proximate or producing cause of his alleged injuries. Plaintiff failed to exercise ordinary care as would a person in the same or similar circumstances would have.

**TWENTY-NINTH DEFENSE**

Plaintiff's alleged injuries were pre-existing, otherwise unrelated to the alleged incident or attributable to a subsequent event.

**THIRTIETH DEFENSE**

Plaintiff has no evidence to raise a genuine issue of material fact on one or more elements of any claim on which he has the burden of proof.

**THIRTY-FIRST DEFENSE**

It is plaintiff's burden to prove that his medical procedures and medical expenses were reasonable and necessary.

**THIRTY-SECOND DEFENSE**

While at all times denying any negligence or fault, Answering Defendant avers that any claim for punitive damages based on the alleged unseaworthiness of any vessel is barred by the U.S. Fifth Circuit's decision in *McBride v. Estis Well Serv., LL,* 768 F.3d 382 (5th Cir. 2014).

**THIRTY-THIRD DEFENSE**

Defendant avers that any and all injuries allegedly sustained by plaintiff occurred without its privity or knowledge and that the amount of damages sued for by the plaintiff exceeds the value of defendant's interest in any vessel. Accordingly, defendant invokes the benefit of provisions of the United States Code, Revised Statutes of the United States of America and all acts amended thereof and supplement thereto in limitation of the liability of shipowners, and in particular, the shipowners' limitation of liability, 46 U.S.C. § 30501, *et seq*.

**THIRTY-FOURTH DEFENSE**

Defendant reserves the right to supplement, amend, or modify its affirmative defenses and answer to conform to such facts as may be revealed in discovery or otherwise.

**WHEREFORE,** the premises considered, defendant, Magnolia Fleet, LLC, prays that this, its Answer be deemed good and sufficient and, that after due proceedings be had, there be judgment herein in favor of defendant, Magnolia Fleet, LLC, and against plaintiff, Daniel Naquin, dismissing the plaintiff's Original Complaint and First Amended Complaint, and that defendant, Magnolia Fleet, LLC, be granted such other and further relief as equity and the justice of the cause may require and permit.

Respectfully submitted:

***/s/ Salvador J. Pusateri***

Salvador J. Pusateri, T.A. (#21036)
Aaron B. Greenbaum (#31752)
Rowen A. Fricker (#33135)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Salvador.Pusateri@pbgglaw.com
Aaron.Greenbaum@pbgglaw.com
Rowen.Fricker@pbgglaw.com
**ATTORNEYS FOR DEFENDANT,**
**MAGNOLIA FLEET, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

***/s/ Salvador J. Pusateri***